IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIAZAR SANCHEZ, et al.,<br><br>    Plaintiffs,<br>  v.<br><br>FRITO-LAY, Inc.,<br><br>    Defendant.<br>_____/ | 1:14-cv-797-AWI-MJS<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN FULL AND DENYING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>(Docs. 9, 16) |

    The matter now pending before this Court is a wage and hour putative class action, filed on behalf of Frito-Lay maintenance mechanics, all alleged to have suffered multiple labor code violations. On December 11, 2014, Plaintiffs filed a motion seeking conditional class certification and preliminary approval settlement for a wage and hour class action. On August 5, 2015, the Magistrate Judge assigned to this matter issued Findings and Recommendations, recommending denial of class certification and providing a fourteen day period within which to submit objections. To date, no objections have been filed.

    In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this Court has conducted a de novo review of the case. Having carefully reviewed the entire file, the Court finds that the Findings and Recommendations are supported by the record and by proper analysis.

    The Court would highlight the Magistrate Judge's determination that Plaintiffs have failed to affirmatively demonstrate compliance with the Rule 23(a) requirements. *See Amchem*

*Prods., Inc., v. Windsor*, 521 U.S. 591, 620 (1997) (Courts must pay "undiluted, even heightened, attention [to the Rule 23 considerations] in the settlement context."). Specifically, this Court agrees that Plaintiffs showing is inadequate as to both the commonality and typicality requirements. *See* Doc. 16 at 7-9. Plaintiffs' assumed violation rate is further illustrative of the inadequacy of Plaintiffs' submission; this Court cannot satisfy its obligation to determine the fairness of the settlement agreement on behalf of the absent putative class members without requiring proof of a violation rate based on something more than Plaintiffs' conclusion. *Id.* at 16. A full explanation of Defendant's relevant employment policies complimented by an explanation of *how* and *how often* they impacted the putative class members would likely go far to resolve those issues.

For the reasons articulated above and in the Magistrate Judge's Findings and Recommendations, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations are ADOPTED in full;
2. Plaintiff's motion for conditional class certification and preliminary approval of class settlement is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   August 26, 2015                    _____
                                             SENIOR  DISTRICT  JUDGE

2