1
2
3
4
5
6
7
8
9

10          **UNITED STATES DISTRICT COURT**

11          **EASTERN DISTRICT OF CALIFORNIA**

12   ELIAZAR SANCHEZ, on behalf of          Case No. 1:14-cv-00797-DAD-MSJ
     himself and all others similarly
13   situated,                              **[PROPOSED] ORDER GRANTING**
                                            **PRELIMINARY APPROVAL OF**
14          Plaintiff,                      **CLASS ACTION SETTLEMENT,**
                                            **CONDITIONAL CERTIFICATION,**
15   v.                                     **APPROVAL OF CLASS NOTICE,**
                                            **AND SETTING OF FINAL FAIRNESS**
16   FRITO-LAY, INC.; and DOES 1 to         **HEARING**
     100, inclusive,
17                                          Date:        April 4, 2017
            Defendants.                     Time:        9:30 a.m.
18                                          Courtroom:   5, 7th Floor
                                            Judge:       Hon. Dale A. Drozd
19
20
21
22                                          Complaint Filed: April 11, 2014
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WHEREAS, this action is pending before this Court as a class action (the "Action"); and

WHEREAS, the parties have jointly applied to this Court for an order preliminarily approving the settlement of the Action in accordance with an Amended Stipulation and Settlement Agreement of Class Action Claims (the "Amended Settlement Agreement"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Amended Settlement Agreement and the exhibits annexed thereto;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.    This Order incorporates by reference the definitions in the Amended Settlement Agreement, and all terms defined therein shall have the same meaning in this Order as set forth in the Amended Settlement Agreement.

2.    The Court grants preliminary approval of the Amended Settlement Agreement.  The Court preliminarily finds that the Amended Settlement Agreement is fair, adequate and reasonable, and preliminarily approves the terms of the settlement.

3.    The Court recognizes that the Class Members and Frito-Lay stipulate and agree to certification of a class for settlement purposes only.  This Amended Settlement Agreement will not be deemed admissible in this or any other proceeding should this settlement not become final.  For settlement purposes only, the Court conditionally certifies the following settlement class (the "Class"):  "All present and former employees of Frito-Lay in California who are or were employed in the job position of Maintenance Mechanic or similar position at any time during the Class Period.  The Term "Class Period" means the time period beginning April 11, 2010 and ending on March 10, 2015.

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT

The Court finds, for settlement purposes only, the requirements of Federal Rule of Civil Procedure 23(a) and Federal Rule of Civil Procedure 23(b)(3) are satisfied, with the exception of the manageability requirement of Rule 23(b)(3) that the Court need not address for purposes the settlement.  The term "Class Member" means a Plaintiff who has not requested exclusion from the settlement.

4.      The Court further finds, for settlement purposes only, that conditional certification of the Action as a collective action under section 216(b) of the Fair Labor Standards Act ("FLSA") is appropriate.  The term "Settlement Class Member" means a Class Member who has returned a valid and timely Claim Form/FLSA Consent Form pursuant to the Amended Settlement Agreement.

5.      Named Plaintiff Eliazar Sanchez ("Named Plaintiff") is hereby appointed and designated, for all purposes, as the representative of the class, and the following attorneys are hereby appointed and designated as counsel for Named Plaintiff and the Class ("Class Counsel"):

> Brian Chase
> Jerusalem Beligan
> Bisnar | Chase, LLP
> 1301 Dove Street, Suite 120
> Newport Beach, CA 92660

Class Counsel is authorized to act on behalf of Class Members with respect to all acts or consents required by, or which may be given pursuant to, the Amended Settlement Agreement, and such other acts reasonably necessary to consummate the settlement.  Any Class Member may enter an appearance through counsel of such Class Member's own choosing and at such Class Member's own expense.  Any Class Member who does not enter an appearance or appear on his or her own will be represented by Class Counsel.

6.      The Court hereby approves on a preliminary basis the Amended Settlement Agreement contained therein, including the definition and disposition of

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT

the Settlement Fund and related matters provided for in the Amended Settlement Agreement. It appears to the Court on a preliminary basis that the settlement amount and terms are fair, adequate and reasonable as to all potential Class Members when balanced against the probable outcome of further litigation relating to liability and damages issues. It further appears that extensive and costly investigation and research have been conducted such that counsel for the parties at this time are able to reasonably evaluate their respective positions. It further appears to the Court that settlement at this time will avoid substantial additional costs by all parties, as well as avoid the delay and risks that would be presented by further prosecution of the Action. It further appears that the settlement has been reached as the result of intensive, serious and non-collusive, arms-length negotiations.

7.    Frito-Lay will comply with all California meal and rest period requirements in regards to its Maintenance Mechanics, and to the extent a compliant meal or rest period is not provided, Frito-Lay shall pay applicable penalties to such employees. By doing so, Frito-Lay will be in compliance with all applicable meal and rest period laws and/or regulations.

8.    A hearing (the "Settlement Hearing") shall be held before this Court on _____ at 9:30 a.m. at the United States District Court for the Eastern District of California,  2500 Tulare Street, Courtroom 5, Fresno, California 93721, to determine all necessary matters concerning the settlement, including:  whether the proposed settlement of the Action on the terms and conditions provided for in the Amended Settlement Agreement is fair, adequate and reasonable and should be finally approved by the Court; whether a Judgment, as provided in the Amended Settlement Agreement, should be entered herein; whether the plan of allocation contained in the Amended Settlement Agreement should be approved as fair, adequate and reasonable to the Class Members; and to finally approve Class Counsel's Fees and Costs Award, the Named Plaintiff's Incentive Award, the PAGA

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT

payment to the LWDA, and the claims administration expenses.  The Final Approval hearing may be continued without further notice to Plaintiffs.  The Parties shall file a Motion for Final Approval on or before _____.

9.      The Amended Settlement Agreement specifies a Fees Award in an amount not to exceed $150,000.00, costs in an amount not to exceed $20,000.00, an Incentive Award of $7,500.00 to the Named Plaintiff, $10,000.00 for Claims Administration Expenses, and $3,750.00 to the Labor and Workforce Development Agency ("LWDA") as the LWDA's 75% share of the $5,000.00 allocated to Private Attorney General Act ("PAGA") claims in this Action.  However, the Court will not approve the amount of attorneys' fees and costs until the Final Approval Hearing.  Similarly, the Court will not decide the amount of the Incentive Award until the Final Approval Hearing.  If the Court decides to award less than the amounts set forth above, then the unawarded Fees, Costs, Service Award, and Claims Administration Expenses, in addition to any remaining unclaimed funds will be distributed *cy pres* to The United Way, with 50% of that distribution to be earmarked for a veterans' organization within or arm of The United Way, if practicable.  It appears to the Court that this provision is appropriate, fair, and reasonable.

10.      The Court hereby approves, as to form and content, the Notice and Claim Form attached hereto as Exhibits 1 and 2.  The Court finds that the distribution of the Notice and Claim Form substantially in the manner and form set forth in the Stipulation and this Order meets the requirements of due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

11.      The Court hereby appoints ILYM Group, Inc., 15331 Barranca Parkway, Irvine, California 92618, as Claims Administrator and hereby directs the Claims Administrator to mail or cause to be mailed to Plaintiffs the Notice and Claim Form by first class mail within thirty (30) days after the entry of this Preliminary

Order (the "Notice Date") using the procedures set forth in the Amended Settlement Agreement.  Plaintiffs who wish to participate in the settlement provided for by the Amended Settlement Agreement ("Settlement Class Members") must complete and return the Claim Form pursuant to the instructions contained therein by first class mail or equivalent, postage paid, within thirty (30) days of the Notice Date.

12.     Any Plaintiff may choose to opt out of and be excluded from the Class as provided in the Notice by following the instructions for requesting exclusion from the Class that are set forth in the Notice.  All requests for exclusion must be submitted as provided in the Notice.  Any such person who chooses to opt out of and be excluded from the Class will not be entitled to any recovery under the Amended Settlement Agreement and will not be bound by the settlement or have any right to object, appeal or comment thereon.  Any written request to opt out must be signed by each such person opting out.  Plaintiffs who have not requested exclusion shall be bound by all determinations of the Court, the Stipulation and Judgment, with the exception as to the federal claims that only those filing the Claim Form will be bound.

13.     Any Class Member may appear at the Settlement Hearing and may object or express his or her views regarding the settlement, and may present evidence and file briefs or other papers, that may be proper and relevant to the issues to be heard and determined by the Court as provided in the Notice.  However, no Class Member or any other person shall be heard or entitled to object, and no papers or briefs submitted by any such person shall be received or considered by the Court, unless on or before thirty (30) days after the Notice Date, that person has served by hand or by first class mail written objections and copies of any papers and briefs in support of their position and verification of their membership in the Class upon: (1) Bisnar | Chase, LLP, attn.: Brian Chase and Jerusalem Beligan, 1301 Dove Street, Suite 120, Newport Beach, California 92660; and (2) Sheppard, Mullin, Richter & Hampton LLP, attn.: Samantha Hardy and Ashley Hirano, 501 West Broadway,

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT

19th Floor, San Diego, CA 92101, and filed the objections, papers and briefs with the Clerk of this Court.  In order to be valid, the papers must be filed with the Clerk of this Court and received by all of the above counsel on or before thirty (30) days after the Notice Date.  Any Class Member who does not make his or her objection in the manner provided for in this Order shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the settlement.

14.     All claims administration expenses shall be paid from the Settlement Fund.

15.     To the extent permitted by law, pending final determination as to whether the settlement contained in the Amended Settlement Agreement should be approved, the Plaintiffs, whether directly, representatively, or in any other capacity, whether or not such persons have appeared in the Action, shall not institute or prosecute any Released Claims or Released Federal Claims against the Released Parties.  The Settlement is not a concession or admission, and shall not be used against Frito-Lay or any of the Released Parties as an admission or indication with respect to any claim of any fault or omission by Frito-Lay or any of the Released Parties.  Whether or not the settlement is finally approved, neither the settlement, nor any document, statement, proceeding or conduct related to the settlement, nor any reports or accounts thereof, shall in any event be:

a.     Construed as, offered or admitted in evidence as, received as or deemed to be evidence for any purpose adverse to the Released Parties, including, but not limited to, evidence of a presumption, concession, indication or admission by Frito-Lay or any of the Released Parties of any liability, fault, wrongdoing, omission, concession or damage; or

b.     Disclosed, referred to, or offered or received in evidence against any of the Released Parties in any further proceeding in the

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT

Action, or in any other civil, criminal or administrative action or proceeding, except for purposes of settling the Action pursuant to the Amended Settlement Agreement.

14.     As of the date this Order is signed, all dates and deadlines associated with the Action shall continue to be stayed, other than those related to the administration of the settlement of the Action.

15.     In the event the settlement does not become effective in accordance with the terms of the Amended Settlement Agreement, or the settlement is not finally approved, or is terminated, canceled or fails to become effective for any reason, this Order shall be rendered null and void and shall be vacated, and the Parties shall revert to their respective positions as of before entering into the Amended Settlement Agreement.

16.     The Court reserves the right to adjourn or continue the date of the Settlement Hearing and all dates provided for in the Amended Settlement Agreement without further notice to Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Amended Settlement Agreement.

Dated: _____       _____
                               HON. DALE A. DROZD
                               UNITED STATES DISTRICT COURT
                               EASTERN DISTRICT OF CALIFORNIA

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT

# EXHIBIT 1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| ELIAZAR SANCHEZ, on behalf of himself and all others similarly situated,<br><br>      Plaintiff,<br><br>  v.<br><br>FRITO-LAY, INC.; and DOES 1 to 100, inclusive,<br><br>      Defendants. | Case No. 1:14-CV-00797-DAD-MJS |

**<u>AMENDED CLASS NOTICE</u>**

EXHIBIT "1"

## NOTICE OF SETTLEMENT OF CLASS ACTION; SETTLEMENT HEARING; AND CLAIM, CONSENT, AND EXCLUSION PROCEDURES

### Sanchez v. Frito-Lay, Inc.
U.S. District Court for the Eastern District of California, Case No. 1:14-cv-00797-AWI-MJS

**TO:  Any and all persons who are or were employed as a Maintenance Mechanic or similar position ("Maintenance Mechanic") by Frito-Lay, Inc. ("Frito-Lay") in the state of California from April 11, 2010, through March 10, 2015 ("Class Period").**

**PLEASE READ THIS ENTIRE NOTICE CAREFULLY.  IT MAY AFFECT YOUR LEGAL RIGHT TO A MONETARY SETTLEMENT ARISING OUT OF YOUR EMPLOYMENT AS A MAINTENANCE MECHANIC BY FRITO-LAY DURING THE CLASS PERIOD.**

| | |
|---|---|
| **RETURN THE CLAIM FORM** | This is the ONLY WAY to receive payment from the Settlement.  In exchange for receiving payment from the Settlement you are releasing federal claims covered by the Settlement, in addition to state law claims that you will already be releasing, against Frito-Lay and/or related entities. |
| **DO NOTHING** | You WILL NOT receive a payment from the Settlement but you will still release certain state law, but not federal law, claims covered by the Settlement against Frito-Lay and/or related entities. |
| **EXCLUDE YOURSELF** | Receive no payment from the Settlement and retain all rights you may have against Frito-Lay and/or related entities as to state and federal claims. |
| **OBJECT** | Write to the Court about why you don't agree with the Settlement.  The Court may or may not agree with your objection.  Objecting to the Settlement will not exclude you from the Settlement, and you will release certain state law claims covered by the Settlement. |

**THIS NOTICE WILL EXPLAIN THE ABOVE OPTIONS IN MORE DETAIL AND INFORM YOU OF IMPORTANT, TIME-SENSITIVE DEADLINES FOR EACH OPTION.**

The Class includes all present and former employees of Frito-Lay in California who worked as a Maintenance Mechanic or similar position in California any time during the Class Period.

PLEASE READ THIS NOTICE CAREFULLY.  FRITO-LAY'S RECORDS SHOW YOU MAY BE A PLAINTIFF.  YOUR RIGHTS MAY BE AFFECTED BY THE LEGAL PROCEEDINGS IN THIS ACTION.

# I.  INTRODUCTION

If you were employed by Frito-Lay in California as Maintenance Mechanic at any time from April 11, 2010, through March 10, 2015 (the "Class Period"), you are a member of the proposed settlement class in this class action lawsuit and your rights will be affected as set forth in the proposed settlement described in this Notice (the "Settlement").  On _____, 2017, the Court preliminarily approved the Settlement.  You have received this Notice because Frito-Lay's records show you were employed by Frito-Lay in California as a Maintenance Mechanic at some time during the Class Period and are therefore a "Plaintiff" in this action.

# II.  NATURE OF THE ACTION

This Action was filed by Named Plaintiff Eliazar Sanchez ("Named Plaintiff") in the Superior Court for the State of California, County of Kern, on April 11, 2014, against Frito-Lay. On May 23, 2014, Frito-Lay removed the action to the United States District Court for the Eastern District of California, Fresno Division.  Named Plaintiff's Complaint alleges the following causes of action: (1) failure to pay all regular hours worked; (2) failure to pay all overtime hours worked; (3) failure to pay overtime at the correct rate of pay; (4) failure to pay meal and rest period penalties; (5) failure to pay vested vacation wages; (6) illegal wage deduction of vested vacation wages; (7) breach of contract for failure to pay vested vacation wages;  (8) failure to timely pay all wages owed upon termination; (9) failure to provide accurate, itemized wage statements; and (10) unfair competition.

The Named Plaintiff generally alleges that Frito-Lay failed to provide meal and rest periods to its Maintenance Mechanics; failed to pay them for all hours worked, both at straight time and overtime; and failed to pay out or roll over accrued vacation.  On this basis, Named Plaintiff also alleges derivative claims for failure to pay accurate wages at termination, and penalties for incorrect wage statements.  For these allegedly improper actions, Named Plaintiff is demanding various amounts for wages, penalties, interest, attorneys' fees, and other damages (collectively, the "Claims").

# III.  POSITIONS OF THE PARTIES

Frito-Lay has denied and continues to deny each of the claims and contentions alleged by Named Plaintiff in the Action.  Frito-Lay has repeatedly asserted and continues to assert defenses thereto, and has expressly denied and continues to deny any wrongdoing or legal liability arising out of any of the facts or conduct alleged in the Action.  Frito-Lay also has denied and continues to deny, *inter alia*, the allegations that Plaintiffs have suffered damages; that Frito-Lay failed to provide meal and rest periods; that Frito-Lay improperly paid Plaintiffs for all hours worked, including overtime; that Frito-Lay failed to permit Plaintiffs to use or roll over accrued vacation; that Frito-Lay provided Plaintiffs with inaccurate wage statements; that Frito-Lay failed to timely pay all wages due at termination; that Frito-Lay engaged in any unlawful, unfair or fraudulent business practices; that Frito-Lay engaged in any other wrongful conduct as alleged in the Action; or that Plaintiffs were harmed by the conduct alleged in the Action.

Counsel for the Named Plaintiff and the Plaintiffs ("Class Counsel") have extensively investigated and researched the facts and circumstances underlying the issues raised in the

Action, and the applicable law.  Class Counsel recognizes the expense and length of continued proceedings necessary to continue the litigation against Frito-Lay through trial and through any possible appeals.  Class Counsel has also taken into account the uncertainty and the risk of the outcome of further litigation, and the difficulties and delays inherent in such litigation.

Class Counsel is also aware of the burdens of proof necessary to establish liability for the Claims, of Frito-Lay's defenses, and of the difficulties in establishing damages for the Plaintiffs. Class Counsel also has taken into account the extensive settlement negotiations conducted by Plaintiffs and Frito-Lay (the "Parties").  Based on the foregoing, Class Counsel believes the proposed Settlement is fair, adequate and reasonable and in the best interests of the Plaintiffs.

Frito-Lay has also concluded that the further defense of this litigation would be protracted and expensive for all Parties.  Frito-Lay has, therefore, agreed to settle this Action in the manner and upon the terms set forth in the proposed Settlement to put to rest all claims that are or could have been asserted against it in the Action.

## IV.  <u>THE SETTLEMENT</u>

The following is only a summary of the provisions of the proposed Settlement between the Named Plaintiff, the Plaintiffs and Frito-Lay.  The specific and complete terms of the proposed Settlement are described in the Stipulation and Settlement Agreement of Class Action Claims ("Settlement Agreement"), a copy of which is available from the Court's docket for your review as set forth at the end of this Notice.

The Settlement has a maximum value of $600,000.00 (Six Hundred Thousand Dollars and No Cents) (the "Settlement Fund").  The Settlement Fund is made up of six parts:  (1) the total payments to Settlement Class Members of the Settlement Awards (the "Payout Fund"), (2) a Fees Award to Class Counsel, (3) a Costs Award to Class Counsel, (4) an Incentive Award to the Named Plaintiff, (5) a payment to the Labor Workforce Development Agency, and (6) claims administration expenses.  The Payout Fund is explained in this Section.  The Fees Award, Costs Award, Incentive Award, payment to the LWDA, and claims administration expenses are explained in Section VI below.

All Plaintiffs are receiving this Notice.  All Plaintiffs who do not request to be excluded from the Settlement as set forth in Section VIII below will be "Class Members."  As a Class Member, if you wish to participate in the monetary recovery, you must sign and return the enclosed Claim Form/FLSA Consent Form ("Claim Form") as set forth below in Section V.  You will then be a "Settlement Class Member."  Frito-Lay has agreed to make available to the Plaintiffs an amount of approximately $408,750.00 (Four Hundred and Eight Thousand Seven Hundred and Fifty Dollars and No Cents) (the "Payout Fund").  Settlement Class Members will receive payment from the Payout Fund based on how long they worked as a Maintenance Mechanic for Frito-Lay in California during the Class Period.  Each Settlement Class Member's share of the Payout Fund is referred to as that Settlement Class Member's "Settlement Award."

To calculate the Settlement Awards, the Payout Fund will be distributed based on the number of weeks each Plaintiff worked as a Maintenance Mechanic during the Class Period. The number of workweeks for each Plaintiff will be determined by adding all the calendar days

-3-
EXHIBIT "1"

within the inclusive dates of employment and dividing that number by seven. Any partial workweek will be expressed as a percentage of a full workweek. This shall be considered each Plaintiff's "Workweek Figure." Settlement Class Members' Gross Settlement Amounts will be calculated by dividing the Payout Fund by the total of all Plaintiffs' Workweek Figures to arrive at a Per-Workweek Amount. For example, a Settlement Class Member who worked 365 days would have a Workweek Figure of 52 weeks. If the Payout Fund was $408,750.00, and the Total Workweeks for all Plaintiffs was 33,000, this would result in a $12.39 Per-Workweek Amount. Then, the above Settlement Class Member would be eligible for $12.39 for 52 workweeks, or $644.09. This would be the Plaintiff's Gross Settlement Amount. A Plaintiff will be eligible to receive the Gross Settlement Amount of his or her Workweek Figure multiplied by the calculated Per-Workweek Amount.

Some of the Gross Settlement Amounts may remain unclaimed, because a Plaintiff (1) was an Unlocated Plaintiff (an "Unlocated Plaintiff" is any Plaintiffs whose Notice has been returned as undeliverable after all of the procedures the Stipulation have been followed); (2) submitted a valid and timely request for exclusion; and/or (3) failed to submit a valid and timely Claim Form. Such amounts will be referred to as "Remaining Funds." Remaining Funds shall be first used to pay any employer-owed tax obligations that may arise as a result of payments made under this Settlement. Remaining Residual Funds will be distributed *cy pres* to The United Way, with fifty percent (50%) of that distribution to be earmarked for a veterans' organization within or arm of The United Way, if practicable.

Each Settlement Class Member's Gross Settlement Amount will be divided into a "Gross Wage Portion" and a "Non-Wage Portion." The Gross Wage Portion shall comprise fifty percent (50%) of each Settlement Class Member's Gross Settlement Amount and the "Non-Wage Portion" shall comprise fifty percent (50%) of each Settlement Class Member's Gross Settlement Amount. From each Settlement Class Member's Wage Portion, payroll deductions will be made for state and federal withholding taxes and any other applicable payroll deductions owed by the Settlement Class Member as a result of the payment, resulting in a "Net Wage Portion." The sum of the Net Wage Portion and the Non-Wage Portion will be paid to each Settlement Class Member and is each Settlement Class Member's "Settlement Award." Subject to Court approval, the Parties anticipate Settlement Awards will be distributed in approximately_____, 2017.

## V.  CLAIM PROCEDURE FOR MONETARY RECOVERY/FLSA CONSENT PROCEDURE

A.      The Settlement of this Action includes claims under both California state law and federal law. All Plaintiffs receiving this Notice will be bound by the Settlement as to their state law claims unless they request exclusion as set forth below in Section VIII. However, only Plaintiffs who complete, sign and return the enclosed Claim Form will become Settlement Class Members and receive payment. Federal law provides that Plaintiffs will not be bound by the Settlement of this Action unless they complete and return the enclosed Claim Form/FLSA Consent Form. You therefore have three options:

- If you wish to receive a Settlement Award, you must complete, sign and return the Claim Form as outlined below in subsection B. This will also

indicate your consent to join the FLSA portion of the action.  You will be bound by the Settlement as to both your state and federal claims.

- If you do not return the Claim Form or request exclusion, you will be bound by the Settlement as to your state claims but not as to your federal claims, and you will not receive a Settlement Award.

- If you wish to be excluded from the Settlement, you must follow the procedures outlined below in Section VIII.  You will not be bound by the Settlement as to either your state or federal claims, and you will not receive a Settlement Award.

B.      As a Class Member, if you wish to receive a recovery and consent to join the FLSA action, you must complete, sign and return in a proper and timely fashion the Claim Form to ILYM Group, Inc. ("Claims Administrator"), located at 15331 Barranca Parkway, Irvine, California 92618, via first class U.S. mail or equivalent, postage paid, postmarked on or before _____, 2017.  Any Claim Form that is not submitted by first class mail or equivalent, is postmarked after the applicable date, is not completely and legibly filled out, is not addressed to the proper address, or is not signed by the Class Member, will not constitute a valid claim and will be denied unless otherwise ordered by the Court.

C.      The Claims Administrator shall review each Claim Form received and shall verify each form to reasonably ensure its validity and accuracy as may be reasonably necessary.

D.      A Class Member may challenge the number of Workweeks identified on his/her Claim Form by submitting a written challenge to the Claims Administrator, postmarked within the Claims Period.  Only a Settlement Class Member may challenge the number of Workweeks. Such Settlement Class Members will also be asked to submit documentary evidence sufficient to prove the number of Workweeks.  Frito-Lay shall have the right to respond to the challenge by any Settlement Class Member.  The final decision as to the Settlement Class Member's Workweeks for purposes of his or her Individual Settlement Award will be decided by mutual decision of Class Counsel and Frito-Lay's Counsel.

E.      Each Class Member who submits a valid and timely Claim Form shall be paid a Settlement Award by check.  The checks shall remain valid and negotiable for one hundred twenty (120) days from issuance and may thereafter automatically be canceled if not cashed.

## VI.   CLASS COUNSEL'S FEES AWARD, INCENTIVE AWARD, PAYMENT TO THE LWDA, AND CLAIMS ADMINISTRATION EXPENSES

A.      The amount of attorneys' fees awarded to Bisnar | Chase, LLP ("Class Counsel") will be subject to the Court's discretion, but in any event, will not exceed $150,000.00 (One Hundred Fifty Thousand Dollars and No Cents) (the "Fees Award").  Class Counsel may seek a Costs Award not to exceed $20,000.00 (Twenty Thousand Dollars and No Cents).  Class Counsel will not be permitted to petition the Court for any additional payments for fees, costs or interest and the Fees Award and Costs Award shall be for all claims for attorneys' fees and costs past, present and future incurred in the Action. The Fees Award and Costs Award will be paid

out of and deducted from the Settlement Fund.  As part of the Settlement, you will not be required to pay Class Counsel for their representation of you in the Action.

B.      The amount of Incentive Award to the Named Plaintiff will be subject to the Court's discretion, but in any event, will not exceed $7,500.00 (Seven Thousand Five Hundred Dollars and No Cents).  This Incentive Award shall be paid out of and deducted from the Settlement Fund.

C.      As part of the preliminary approval of the Settlement, the Court has approved payment of $5,000.00 (Five Thousand Dollars and No Cents) to the California Labor Workforce Development Agency ("LWDA"), 75% of which, or $3,750.00 (Three Thousand Seven Hundred and Fifty Dollars and No Cents) will represent the LWDA's share of the Settlement attributable to civil penalties under the California Labor Code's Private Attorneys General Act, Labor Code §§ 2699 *et seq*. ("PAGA").  The remaining $1,250.00 (One Thousand Two Hundred and Fifty Dollars and No Cents) will be added to the Payout Fund and distributed to Settlement Class Members as part of their Gross Settlement Amounts.

D.      Also as part of the preliminary approval of the Settlement, the Court has approved payment of claims administration expenses in the amount of up to $10,000.00 (Ten Thousand Dollars and No Cents) to the Claims Administrator from the Settlement Fund.

## VII.  BINDING EFFECT/RELEASE OF CLAIMS

A.      <u>Release of Claims Affecting All Class Members</u>

The Class Members, including Named Plaintiff, but excluding those who submit timely and valid Exclusion Forms, shall, as of the Effective Date, fully and finally release and discharge Frito-Lay, Inc. and its former and present parents, subsidiaries and affiliated corporations and their officers, directors, employees, partners, shareholders and agents, and any other successors, assigns, or legal representatives ("Released Parties") from the "Released State Law Claims."  For purposes of this Agreement, the "Released State Law Claims" are defined as:

(1)      any and all claims, demands, rights, liabilities, and causes of action of every nature and description whatsoever, known or unknown, asserted or that might have been asserted,

(2)      whether in tort, contract, or for violation of any state constitution, statute, rule or regulation, including state wage and hour laws,

(3)      whether for economic damages, non-economic damages, restitution, penalties or liquidated damages, arising out of, relating to, or in connection with:

a.      all state law causes of action pleaded in or that could have been pleaded in the Operative Complaint arising from the facts pleaded in the Operative Complaint for the Class Period, including but not limited to: (a) failure to pay all wages due, including overtime wages; (b) failure to provide meal periods; (c) failure to authorize rest breaks; (d) failure to pay vested vacation wages; (e) illegal wage deduction of vested vacation wages; (f) breach of contract for failure to pay vested vacation wages; (g) failure to

timely pay final wages due, before or after the end of employment; (h) failure to provide accurate itemized wage statements; (i) penalties (including penalties under PAGA), liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution (including, California Bus. & Prof. Code § 17200 *et seq*), and equitable relief; and/or

       b.      any and all facts, transactions, events, policies, occurrences, acts, disclosures, statements, omissions or failures to act, pleaded in or that could have been pleaded in the Operative Complaint, which are or could be the basis of claims related to Frito-Lay's alleged failure to pay all wages due, including overtime wages; failure to provide meal periods; failure to authorize rest breaks; failure to pay vested vacation wages; illegal wage deduction of vested vacation wages; breach of contract for failure to pay vested vacation wages; failure to timely pay final wages due, before or after the end of employment; failure to provide accurate itemized wage statements; penalties (including penalties under PAGA), liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution (including California Bus. & Prof. Code § 17200, et seq.) and equitable relief, or other damages of any kind based on a failure to comply with any state wage and hour laws, at any time through the close of the Class Period (whether based on California state wage and hour law, contract, or otherwise).

With respect to the Released State Law Claims, the Class Members stipulate and agree that, upon the Effective Date, the Class Members shall be deemed to have, and by operation of the Final Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which Section provides:

A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The Class Members may hereafter discover facts in addition to or different from those they now know or believe to be true with respect to the subject matter of the Released State Law Claims, but upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released any and all of the Released State Law Claims, whether known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

The Class Members agree not to sue or otherwise make a claim against any of the Released Parties that is related to the Released State Law Claims.

B.      Release Of Claims Affecting Only Class Members Who Return A Claim Form/FLSA Consent Form.

In addition to releasing the Released Parties from the Released State Law Claims as outlined in subsection (a), Settlement Class Members, including Named Plaintiff, also release the Released Parties from the "Released Federal Law Claims."  For purposes of this Agreement, the "Released Federal Law Claims" are defined as:

(1)      any and all applicable federal law claims, demands, rights, liabilities, and causes of action of every nature and description whatsoever, known or unknown, asserted or that might have been asserted,

(2)      whether in tort, contract, or for violation of any federal constitution, statute, rule or regulation, including federal wage and hour laws, whether for economic damages, non-economic damages, restitution, penalties or liquidated damages, arising out of, relating to, or in connection with:

a.      all federal law causes of action pleaded in or that could have been pleaded in the Operative Complaint arising from the facts pleaded in the Operative Complaint for the Class Period, including but not limited to: (a) failure to pay all wages due, including overtime wages; (b) uncompensated rest periods; (c) failure to pay vested vacation wages; (d) illegal wage deduction of vested vacation wages; (e) breach of contract for failure to pay vested vacation wages (f) failure to timely pay final wages due, before or after the end of employment; (g) penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, and equitable relief; and/or

b.      any and all facts, transactions, events, policies, occurrences, acts, disclosures, statements, omissions or failures to act, pleaded in or that could have been pleaded in the Operative Complaint, which are or could be the basis of claims related to Frito-Lay's alleged failure to pay all wages due, including overtime wages; uncompensated rest periods; failure to pay vested vacation wages; illegal wage deduction of vested vacation wages; breach of contract for failure to pay vested vacation wages; failure to timely pay final wages due, before or after the end of employment; penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution and equitable relief, or other damages of any kind based on a failure to comply with any federal wage and hour laws, at any time through the close of the Class Period (whether based on federal wage and hour law, contract, or otherwise).

With respect to the Released Federal Law Claims, the Settlement Class Members stipulate and agree that, upon the Effective Date, the Settlement Class Members shall be deemed to have, and by operation of the Final Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which Section provides:

A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the

release, which if known by him or her must have materially affected his or her settlement with the debtor.

The Settlement Class Members may hereafter discover facts in addition to or different from those they now know or believe to be true with respect to the subject matter of the Released Federal Law Claims, but upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released any and all of the Released Federal Law Claims, whether known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

The Settlement Class Members agree not to sue or otherwise make a claim against any of the Released Parties that is related to the Released Federal Law Claims.

## VIII.  PROCEDURE FOR EXCLUSION

Plaintiffs may exclude themselves from the Settlement as to their state law claims by mailing to ILYM Group, Inc., 15331 Barranca Parkway, Irvine, California 92618, on or before _____, a written statement expressing their desire to be excluded from the Settlement as to their state law claims in the Sanchez v. Frito-Lay, Inc. litigation.  Specifically, a Plaintiff requesting exclusion must state, in substance:  "I have read the Class Notice and I wish to opt out of the class action and the settlement of the following case:  *Sanchez v. Frito-Lay, Inc.,* Case No. 1:14-cv-00797-AWI-MJS."  If you wish to request exclusion from the Settlement as to your state law claims in this Action, your written statement must include your name (and former names, if any), current address, telephone number, last four digits of your social security number, and the dates of your employment by Frito-Lay.  In addition, it must be postmarked on or before _____.  Requests for exclusion that do not include all required information, or that are not submitted on a timely basis, will be deemed null, void and ineffective.  Persons who are eligible to and do submit valid and timely requests for exclusion from the Settlement as to their state law claims will not receive Settlement Awards, nor will they be bound by the terms of the proposed Settlement as to their state law claims, if it is approved, or the Final Judgment in this Action.

## IX.  SETTLEMENT HEARING/OBJECTIONS TO THE PROPOSED SETTLEMENT

A hearing (the "Settlement Hearing") will be held before the Honorable Michael J. Seng on _____, 2017 at __:__ __.m. at the United States District Court for the Eastern District of California, 2500 Tulare Street, Fresno, California 93721 (the "Court"), to determine whether the proposed Settlement of the Action is fair, adequate and reasonable and should be approved by the Court and whether the Action should be dismissed on the merits with prejudice. The hearing may be continued by the Court from time to time as the Court may without further direct notice.

Any Class Member may appear in person or through counsel at the Settlement Hearing and be heard in support of the Settlement or as to why the proposed Settlement of the Action

should not be approved as fair, adequate and reasonable, or why a Final Judgment dismissing the Action against Frito-Lay with prejudice should or should not be entered.  No Class Member, however, shall be heard or entitled to object and no papers or briefs submitted by any such person shall be received or considered by the Court unless written notice of intention to appear at the Settlement Hearing, together with copies of all papers and briefs proposed to be submitted to the Court at the Settlement Hearing, shall have been filed with the Court and have been served personally on or before _____, 2017, or if by mail then postmarked no later than _____, 2017, upon all of the following:

| | |
|---|---|
| Brian Chase<br>Jerusalem Beligan<br>BISNAR \| CHASE, LLP<br>1301 Dove Street, Suite 120<br>Newport Beach, CA 92660 | Samantha D. Hardy<br>Ashley T. Hirano<br>SHEPPARD, MULLIN, RICHTER &<br>HAMPTON, LLP<br>501 West Broadway, 19th Floor<br>San Diego, CA 92101 |

Any Class Member who does not make and serve his or her written objections in the manner provided above shall be deemed to have waived such objections and shall be foreclosed from making any objections (by appeal or otherwise) to the proposed Settlement.

Any Class Member who is satisfied with the proposed Settlement need not appear at the Settlement Hearing.

## X.  EXAMINATION OF PAPERS AND INQUIRIES

The foregoing is only a summary of the Action and the proposed Settlement and does not purport to be comprehensive.  For a more detailed statement of the matters involved in the Action and the proposed Settlement, you may refer to the pleadings, the Stipulation and Settlement Agreement of Class Action Claims, and other papers filed in the Action, which may be inspected at the Office of the Clerk of the United States District Court, 2500 Tulare Street, Fresno, California 93721 during regular business hours of each Court day.

All inquiries by Plaintiffs regarding this Notice and/or the Settlement should be directed to counsel for the Settlement Class:

| |
|---|
| Brian Chase<br>Jerusalem Beligan<br>BISNAR \| CHASE, LLP<br>1301 Dove Street, Suite 120<br>Newport Beach, CA 92660<br>(949) 752-2999 |

PLEASE DO NOT CONTACT THE CLERK OF THE COURT, THE JUDGE, FRITO-LAY, OR FRITO-LAY'S ATTORNEYS WITH INQUIRIES.

Dated: _____, 2017

_____
BY ORDER OF THE COURT
HON. DALE A. DROZD
U.S. DISTRICT JUDGE

# EXHIBIT 2

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| ELIAZAR SANCHEZ, on behalf of himself and all others similarly situated,<br><br>             Plaintiff,<br><br>     v.<br><br>FRITO-LAY, INC.; and DOES 1 to 100, inclusive,<br><br>             Defendants. | Case No. 1:14-CV-00797-DAD-MJS |

**AMENDED CLAIM FORM/FLSA CONSENT FORM**

SMRH:435289611.5

EXHIBIT "2"

<u>Sanchez v. Frito-Lay, Inc.</u>
United States District Court for the Eastern District of California
Case No. 1:14-CV-000797-DAD-MJS

<u>CLAIM FORM/FLSA CONSENT FORM</u>
<u>COMPLETE FOR MONETARY RECOVERY</u>

**BASED ON THE SETTLEMENT FORMULA, THE PARTIES ESTIMATE THAT YOU WILL RECEIVE $ _____ IF YOU FILE A CLAIM. HOWEVER, THE ACTUAL AMOUNT THAT YOU RECEIVE COULD BE MORE OR LESS THAN THIS AMOUNT, DEPENDING ON SUCH FACTORS AS SETTLEMENT COSTS, EXPENSES AND ATTORNEYS' FEES EVENTUALLY APPROVED BY THE COURT.**

**Please Type or Print:**
Name (First, Middle, Last):_____
Street Address: _____
City, State, Zip Code: _____
Former Names (if any): _____
Last 4 Digits of SSN:  ___ ___ ___ ___     Frito-Lay Employee # (if known): _____
Home Phone: (_____) _____     Work Phone: (_____) _____

**YOU MUST TIMELY COMPLETE, SIGN AND RETURN THIS FORM TO SHARE IN THE MONETARY RECOVERY AND TO CONSENT TO JOIN THE FLSA PORTION OF THIS ACTION.**

<u>INSTRUCTIONS</u>
1.    Please complete, sign and mail this form to share in the recovery and consent to join the FLSA portion of this action.
2.    If you move, please send us your new address.
3.    Please do not send any supporting documentation at this time.  If such documentation is deemed necessary, a separate request will be sent to you directly.  If you submit a claim, your identity will not be disclosed to your direct supervisor at Frito-Lay.
4.    If found eligible, and subject to Court approval, you should not expect to receive any payment until approximately DATE.

YOU MUST COMPLETE, SIGN AND MAIL THIS FORM BY FIRST CLASS U.S. MAIL OR EQUIVALENT, POSTAGE PAID, POSTMARKED ON OR BEFORE DATE, ADDRESSED AS FOLLOWS IN ORDER TO RECEIVE A RECOVERY AND CONSENT TO JOIN THE FLSA PORTION OF THIS ACTION.

| Frito-Lay Claims Administrator |
|---|
| c/o ILYM Group, Inc. |
| 15331 Barranca Parkway, |
| Irvine, California 92618 |

Frito Lay estimates that you have worked a total of _____ workweeks as a Maintenance Mechanic.  List location(s) and dates of your employment at Frito-Lay in chronological order as best you can.  (Errors in locations, dates or order of your employment will not affect your

eligibility to participate in the settlement or your consent to join the FLSA portion of this action. This information will aid the Administrator in verifying your records).

| | | |
|---|---|---|
| Job Title #1 | Dates | Location #1 |
| Job Title #2 | Dates | Location #2 |

  I have reviewed the Class Notice and this form and I hereby apply for a monetary recovery in accordance with the terms of the Class Notice, and also consent to join in the FLSA portion of this action and have Named Plaintiff and his counsel represent me in this action pursuant to 29 U.S.C. § 216(b).

X_____   _____
 (sign your name here)            Date