UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIAZAR SANCHEZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FRITO-LAY, INC,<br><br>Defendant. | No. 1:14-cv-00797-DAD-BAM<br><br>ORDER GRANTING PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT<br><br>(Doc. Nos. 67, 74) |

On September 30, 2019, the court granted plaintiff Eliazar Sanchez's motion for preliminary class certification and denied his motion for preliminary approval of class action settlement (Doc. No. 67) because the court had concerns about the reasonableness and fairness of the parties' revised settlement agreement. (*See generally* Doc. No. 73.)  In that order, the court detailed its concerns and denied the motion "without prejudice to plaintiff renewing his motion for preliminary approval of the settlement yet again to address the court's concerns." (*Id.* at 22.)

On October 22, 2019, the parties filed a "stipulation for an order granting preliminary approval of the class action settlement and issuance of the class notice" (Doc. No. 74), which the court construes as a request by plaintiff to renew his motion for preliminary approval of class action settlement.  Therein, the parties contend that they have addressed the court's concerns, and thus request that the court grant preliminary approval of their class action settlement. (Doc. No. 74.)

1

For the reasons set forth below, the court will grant plaintiff's renewed motion for preliminary approval of the parties' class action settlement.[1]

**BACKGROUND**

The factual background of this case has been discussed in this court's prior orders denying plaintiff's previous four motions for preliminary approval of their settlement and class certification for settlement purposes. (*See* Doc. Nos. 16 at 2–4; 29 at 1–3; 51 at 1–3; 73 at 2–4.) The court will not repeat that background in this order.

As relevant here, the court most recently denied plaintiff's motion for preliminary approval of the parties' revised settlement agreement filed on November 29, 2018 because of the following three deficiencies: (1) the revised settlement agreement's release of claims for the settlement class members was overbroad because it released claims for violations of California's Private Attorneys General Act ("PAGA") and violations of the Fair Labor Standards Act ("FLSA"), despite the fact that plaintiff did not allege claims under either act in his complaint in this action, and it released claims up to the date of the revised settlement agreement, as opposed to being limited to the relevant dates of the identified class period; (2) the revised settlement agreement allocated $5,000.00 in PAGA penalties to the California Workforce Development Agency ("LWDA"), despite the fact that plaintiff did not allege claims under PAGA; and (3) the proposed notice form was inadequate. (Doc. No. 73 at 17–21.)

As described in plaintiff's pending request for renewal of his motion for preliminary approval, the parties contend that they have now corrected the deficiencies identified by the court. (Doc. No. 74.) First, the parties have amended their revised settlement agreement (*see* Doc. Nos. 74 at 5–10), which now contains a release of claims clause that omits reference to violations of PAGA and FLSA and releases only those claims that arose during the class period. (*See id.* at 7.) Second, the parties' amended revised settlement agreement also omits reference to a PAGA

---

[1] The undersigned apologizes for the excessive delay in the issuance of this order. This court's overwhelming caseload has been well publicized and the long-standing lack of judicial resources in this district has reached crisis proportion. Unfortunately, that situation sometimes results in the court simply not being able to issue orders in submitted civil matters in an acceptable period of time. This situation is frustrating to the court, which fully realizes how incredibly frustrating it is to the parties and their counsel.

2

payment or penalties and reallocates the $5,000.00 that was previously allocated to pay PAGA penalties "to the Payout Fund to be distributed to Settlement Class Members." (*Id.* at 9.) Third, as discussed below, plaintiff has provided the court with an amended proposed notice that plaintiff contends is adequate. (*Id.*, Ex. B.)

## LEGAL STANDARDS

The court recited the relevant legal standards for preliminary approval of class action settlements under Federal Rule of Civil Procedure 23 in its order of September 30, 2019. (*See* Doc. No. 73 at 4–6.) The court incorporates those legal standards by reference here and throughout this order.

## LEGAL ANALYSIS

**A.   Preliminary Class Certification**

The court previously granted preliminary certification of the proposed class under Rule 23 and found that plaintiff satisfied Rule 23(a)'s requirements of numerosity, commonality, typicality, and adequacy of representation and Rule 23(b)(3)'s predominance and superiority requirements. (Doc. No. 73 at 6–10); *see also Lozano v. AT&T Wireless Servs., Inc.*, 504 F.3d 718, 730 (9th Cir. 2007); *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 981 (9th Cir. 2011). The court will not revisit its analysis in this regard because the parties' revised settlement agreement and amended revised settlement agreement are identical with respect to class certification. (*See* Doc. No. 74 at 5–10.)

**B.   Preliminary Approval of Class Action Settlement**

   1.   <u>Procedural Fairness</u>

The court previously found that the parties' negotiations constituted genuine, informed, and arm's-length bargaining. (Doc. No. 73 at 11–12.) The court will not revisit its analysis in this regard and reaffirms that the settlement in this action is procedurally fair because the parties' revised settlement agreement and amended revised settlement agreement are identical with respect to procedural fairness. (*See* Doc. No. 74 at 5–10.)

/////

/////

3

2. <u>Substantive Fairness</u>

    a. *Adequacy of the Settlement Amount*

The court previously concluded that the total settlement amount of $710,473.33, with $490,355.00 of that amount allocated for distribution to the two subclasses under the revised settlement agreement, was substantively fair, reasonable, and adequate. (Doc. No. 73 at 12–13.) In light of the parties reallocating the $5,000.00 they previously allocated to PAGA penalties to the payout fund to be distributed to the class members, the amount to be paid to the two subclasses has now increased to $495,355.00. (Doc. No. 74 at 9.) The court finds that this amount is adequate for the same reasons that it found the prior, lesser amount to be adequate.

    b. *Attorneys' Fees*

In its previous order, the court noted that plaintiff's attorneys' fee request—which is not to exceed $177,618.33, or 25% of the total settlement amount of $710, 473.33—was within the benchmark for the Ninth Circuit and approved the attorneys' fee request on a preliminary basis. (Doc. No. 72 at 15.) The court reaffirms this finding because the parties' revised settlement agreement and amended revised settlement agreement are identical with respect to attorneys' fees. (*See* Doc. No. 74 at 5–10.) However, the court again reminds counsel that it will carefully re-examine the request for an award of attorneys' fees and conduct a lodestar cross-check at the final approval stage. The court expects plaintiff's counsel to provide all of the requisite billing records and calculations underlying plaintiff's fee request in connection with the motion for final approval.

    c. *Incentive Payment*

The court determined in its previous order that the proposed $7,500.00 incentive award for plaintiff was reasonable and approved it on a preliminary basis. (Doc. No. 73 at 17.) The court reaffirms this finding because the parties' revised settlement agreement and amended revised settlement agreement are identical with respect to plaintiff's incentive payment. (*See* Doc. No. 74 at 5–10.)

/////

/////

4

          d.    *Release of Claims*

In its previous order, the court expressed its concern that the release of claims in the revised settlement agreement was overbroad in that it released claims for violations of PAGA and FLSA despite the fact that plaintiff did not allege any claims pursuant to either act and because it released claims up to the date of the revised settlement agreement, as opposed to the release being limited to the relevant dates of the identified class period. (Doc. No. 73 at 18–19.) As noted, the amended revised settlement agreement now contains a release of claims clause that omits reference to claims for violations of PAGA and FLSA and releases only those claims that arose during the class period. (Doc. No. 74 at 7.) After reviewing the release clause in the amended revised settlement agreement, the court finds that the release now appropriately tracks the claims at issue in this case and that the terms governing their release are consistent with applicable caselaw.

For the reasons stated above and incorporated from the court's prior order issued on September 30, 2019, the court finds that the amended revised settlement agreement is substantively fair, adequate, and reasonable.

**C.**    **Proposed Class Notice and Administration**

The court recited the relevant legal standards for determining the adequacy of a proposed settlement's notice in its order issued on September 30, 2019. (*See* Doc. No. 73 at 21.) The court incorporates those standards by reference here.

The court previously found that the parties' proposed mail delivery is appropriate, but that the proposed notice form itself required amendment in three respects, all of which the parties have now addressed. First, the court directed the parties to revise the class notice to reflect the correct values allocated to the payout fund for the two subclasses. (Doc. No. 73 at 21). Accordingly, the parties have provided a revised class notice that accurately reflects the value of the payout fund to the two subclasses. (*See* Doc. No. 74 at 15–16.) Second, the court directed the parties to clarify in the notice whether information regarding a PAGA settlement should be included. (Doc. No. 73 at 21.) As noted, the amended revised settlement agreement does not include any allocation of funds for PAGA penalties. Accordingly, the revised class notice omits

reference to a PAGA payment and the LWDA.  (*See* Doc. No. 74, Ex. B.)  Finally, the court directed the parties to narrow the release of claims for the settlement class and revise the proposed class notice in that regard.  (Doc. No. 73 at 21.)  As noted, the release of claims in the amended revised agreement now appropriately tracks the claims presented in this action.  Accordingly, the revised class notice does not include claims for violations of PAGA or FLSA in its recitation of the released claims.  (*See* Doc. No. 74 at 17–18.)  The court therefore now approves the proposed class notice.[2]

**D.    Settlement Administrator and Settlement Administration Costs**

In its previous order, the court appointed ILYM Group, Inc. ("ILYM") as the Settlement Administrator.  (Doc. No. 73 at 22.)  The court confirms that appointment.

**E.    Implementation Schedule**

The court approves the following implementation schedule, which is based on the parties' amended revised settlement agreement.  (*See* Doc. Nos. 67-2 at 27–34; 74, Ex. B.)

| Event | Date |
| --- | --- |
| Deadline for defendant to provide ILYM with a list of Class Members ("Class List") | No later than fourteen (14) days after entry of Preliminary Approval Order |
| Deadline for ILYM to send the class notice to each Class Member (the "Notice Mailing") | No later than thirty (30) days after receipt of the Class List |
| Deadline to file any Objections, Opt-Out Request, or Pay Period Disputes | No later than thirty (30) days after the Notice Mailing (the "Response Deadline") |
| Deadline for ILYM to compile and submit to the parties a report as provided in the amended revised settlement agreement | Within ten (10) days after the close of the Response Deadline |
| Deadline for distribution of individual settlement payments to be mailed to Class Members | Within ten (10) days of the date of final judgment in this action, as described in the amended revised settlement agreement |
| Deadline for recipients to cash their settlement checks | One-hundred-and-twenty days (120) after the date of issuance (the "Cashing Deadline") |

---

[2]  The revised notice submitted by the parties states that the court will hold a final approval hearing on some date in 2019.  The parties are directed to revise the class notice to ensure that dates are stated with the appropriate year.  The parties need not file a further revised notice with the court.

| | |
|---|---|
| Deadline for ILYM to distribute any remaining funds to the *cy-près* beneficiaries, as provided in the amended revised settlement agreement. | Within sixty (60) days after the Cashing Deadline |
| Final Approval Hearing | May 4, 2021 |

## CONCLUSION

For the reasons explained above:

1. Plaintiff's renewed motion for preliminary approval of the parties' amended revised settlement agreement (Doc. Nos. 67, 74) is granted;

2. The proposed amended revised settlement is approved on a preliminary basis in the manner detailed above and consistent with the court's order issued on September 30, 2019;

3. The proposed notice (Doc. No. 74, Ex. B) is approved in accordance with Federal Rule of Civil Procedure 23;

4. The hearing for final approval of the proposed settlement is set for May 4, 2021 at 1:30 pm before the undersigned in Courtroom 5, with the motion for final approval of class action settlement to be filed at least 28 days in advance of the final approval hearing, in accordance with Local Rule 230(b); and

5. The parties are directed to implement the settlement in accordance with the schedule set forth above.

IT IS SO ORDERED.

Dated: **October 29, 2020**

_____
UNITED STATES DISTRICT JUDGE